```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                          EASTERN DIVISION
```

LARRY COFFMAN,                  )
                                )
        Plaintiff,       )
                                )
        v.               )   No. 4:05-CV-1959-MLM
                                )
ALAN BLAKE, et al.,             )
                                )
        Defendants.      )

### ORDER AND MEMORANDUM

This matter is before the Court upon the application of Larry Coffman for leave to commence this action without payment of the required filing fee. See 28 U.S.C. § 1915(a). Upon consideration of the financial information provided with the application, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. Therefore, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). An action fails to state a

claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Jackson Sawmill Co. v. United States, 580 F.2d 302, 306 (8th Cir. 1978).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 112 S. Ct. 1728, 1733 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The complaint**

Plaintiff, a civilly committed resident of the Missouri Sexual Offender Treatment Center ("MSOTC"), seeks monetary, declaratory, and injunctive relief in this action against defendants Alan Blake (SVP Administrative Director) and Joan L. Moriarty (Probate Court Judge). Plaintiff states the grounds for filing this case in Federal Court are, as follows: "The plea agreement that [he] and the State entered into in 1984 provided that he would be sentenced to a term of 15 years imprisonment." He alleges that "[b]y pursuing civil commitment under the mental health, the State has breached the plea agreement in regard to the terms of the sentence."

2

Given that plaintiff is seeking "[s]pecific performance of [the] plea agreement," the Court will construe the instant action as a challenge to his underlying conviction and present custody status. A favorable ruling on plaintiff's claim would necessarily imply the invalidity of his current confinement. Habeas corpus, however, is the proper mechanism for an inmate to challenge either the fact or length of his confinement. See Preiser v. Rodriquez, 411 U.S. 475, 490 (1973). Even if the Court liberally construed the complaint as a federal habeas corpus action, there is no indication that plaintiff previously presented his claims to a Missouri state court. In the absence of exceptional circumstances, a state prisoner must exhaust currently available and adequate state remedies before invoking federal habeas corpus jurisdiction. Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484 (1973).

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #1] is **GRANTED.**

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel [Doc. #4] is **DENIED**, as moot.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because the

complaint is legally frivolous or fails to state a claim upon which relief may be granted, or both.  See 28 U.S.C. § 1915(e)(2)(B).

An appropriate order shall accompany this order and memorandum.

Dated this 22nd day of December, 2005

/s Jean C. Hamilton
**UNITED STATES DISTRICT JUDGE**